NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0177n.06

No. 15-6384

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AMY SANDERS, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 04, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| LAMAR JONES, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     SUHRHEINRICH, ROGERS, and GRIFFIN, Circuit Judges.

SUHRHEINRICH, Circuit Judge.  The Supreme Court has vacated our judgment in this case and remanded for further consideration in light of *Manuel v. Joliet*, 580 U.S. ----, 137 S. Ct. 911 (2017).  For the following reasons, we conclude that we lack interlocutory jurisdiction and remand for further proceedings.

In our prior decision we made two rulings.  First, we held that, to the extent that Plaintiff Amy Sanders's malicious prosecution claim was based on Defendant Lamar Jones's allegedly false grand jury testimony, Jones was entitled to absolute immunity under *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012).  Second, we held that, to the extent Sanders's malicious prosecution claim was based on Jones's allegedly false police report, it failed because she could not rebut the grand jury indictment's presumption of probable cause without using Jones's grand jury testimony, which carries an evidentiary privilege per *Rehberg*.  *See id.* (grand jury immunity may

extend to use of "evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution"); *see also Webb v. United States*, 789 F.3d 647, 660 (6th Cir. 2015) ("As a general rule, 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause.'") (quoting *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)).

After our ruling, the Supreme Court rejected the notion that "a grand jury indictment or preliminary examination" serves to "expunge" any possible "Fourth Amendment claim." *Manuel*, 137 S. Ct. at 920 n.8. Applying *Manuel*, this court held in *King v. Harwood*, 852 F.3d 568 (6th Cir. 2017), *cert. denied*, 2018 WL 311323 (U.S. Jan. 8, 2018), that the presumption of probable cause created by a grand jury indictment is rebuttable "where (1) a law-enforcement officer, in the course of setting a prosecution in motion, either knowingly or recklessly makes false statements (such as in affidavits or investigative reports) or falsifies or fabricates evidence; (2) the false statements and evidence, together with any concomitant misleading omissions, are material to the ultimate prosecution of the plaintiff; and (3) the false statements, evidence, and omissions do not consist solely of grand-jury testimony or preparation for that testimony (where preparation has a meaning broad enough to encompass conspiring to commit perjury before the grand jury)." *Id.* at 587–88. Here, Jones's police report set the prosecution in motion because it, along with the identification made by the confidential informant, made up the entirety of the evidence leading to Sanders's indictment. Because there is a genuine factual dispute as to whether Jones knowingly or recklessly made false statements in his police report, absolute immunity no longer categorically bars Sanders's Fourth Amendment claim to the extent that it is based on Jones's allegedly false police report.

Jones maintains that even if he is not entitled to absolute immunity, he is entitled to qualified immunity on Sanders's malicious prosecution claim. Qualified immunity shields government officials from liability for civil damages unless the plaintiff shows that: (1) viewing the evidence in the light most favorable to the plaintiff, the official violated a statutory or constitutional right, and (2) the right was clearly established at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).

> *Clearly Established Right.* As to the second element, it is settled that:
>
> [I]ndividuals have a clearly established Fourth Amendment right to be free from malicious prosecution by a defendant who has "made, influenced, or participated in the decision to prosecute the plaintiff" by, for example, ''knowingly or recklessly'' making false statements that are material to the prosecution either in reports or in affidavits filed to secure warrants.

*King*, 852 F.3d at 582–83 (and cases cited therein). This right includes protection from malicious prosecution based on knowing or reckless misidentification. *See Webb*, 789 F.3d at 662; *Gray v. Cuyahoga Cty. Sheriff's Dep't*, 150 F.3d 579, 582–83 (6th Cir. 1998). While a law enforcement officer is generally entitled to rely on another's eyewitness identification to establish probable cause, he cannot rely on eyewitness identification where he has serious reason to doubt the identification based on other evidence within his knowledge. *Ahlers v. Schebil*, 188 F.3d 365, 370–71 (6th Cir. 1999).

> *Violation of a Constitutional Right*. This leaves the first element. Jones claims there was probable cause for Sanders's prosecution (and therefore no Fourth Amendment violation) because the confidential informant positively identified Sanders as the person who had sold him drugs when Jones showed him Sanders's driver's license photograph. But Sanders claims that when Jones viewed the video of the controlled buy before delivering his report to the prosecutor, he could see that the suspect did not resemble Sanders. As Sanders points out, Jones agreed in

-3-

his deposition testimony that a screenshot taken from the video of the controlled buy "does not depict Amy Sanders," and "it don't look like Amy Sanders." Jones argues that his deposition testimony does not amount to an admission that he watched the video and knew the suspect did not look like Sanders, but simply that the later-produced screenshot from the video did not depict Sanders. But this argument attacks the sufficiency of Sanders's evidence—specifically, whether Jones's deposition testimony can justify a fact finding of knowledge or recklessness at the time he delivered his report to the prosecutor. Because this case turns on that factual dispute, we lack interlocutory jurisdiction. *See Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 679 (6th Cir. 2013) ("A district court's denial of qualified immunity is an appealable final decision under § 1291 only 'to the extent that it turns on an issue of law.'") (quoting *Estate of Carter v. City of Detroit*, 408 F.3d 305, 309 (6th Cir. 2005)). Taking Sanders's facts "at their best," *id.* at 680, Jones's statement permits an inference that Jones knew or strongly suspected from viewing the video that the person who sold the confidential informant the drugs was not Sanders, or at least, did not look like Sanders. Because Jones contests this critical factual issue, there is no legal question for us to review at this juncture.

Indeed, the district court found that "Jones himself acknowledged upon a closer inspection of the footage that it was not Sanders who participated in the drug deal. Thus, the question becomes whether Defendant 'acted with something akin to deliberate indifference in failing to ascertain that [the plaintiff] . . . was not the person wanted.'" (quoting *Gray*, 150 F.3d at 582). The district court thus found that Jones's deposition testimony regarding the screenshot of the video raised a "genuine" issue as to whether Jones recklessly misidentified Sanders as the person who sold drugs to the confidential informant. *See Romo v. Largen*, 723 F.3d 670, 674 (6th Cir. 2013) ("In the Supreme Court's words, 'a defendant, entitled to invoke a qualified

immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a "genuine" issue of fact for trial.'") (quoting *Johnson v. Jones*, 515 U.S. 304, 31–20 (1995)).  In other words, a summary judgment order that determines "only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial" is not appealable.  *Johnson*, 515 U.S. at 313.  It does not appear that the district court's determination was "blatantly and demonstrably false" such that we could ignore it and retain jurisdiction, because neither the screenshot nor the video are in the record. *See Austin v. Redford Twp. Police Dep't*, 690 F.3d 490, 496 (6th Cir. 2012).  The district court will have to factor this problem of missing evidence into its calculus when resolving this case on remand.

We therefore REMAND this matter to the district court for further proceedings in light of this opinion.